**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-4161

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

SHANE LAWRENCE LUERS,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, District Judge.
(1:07-cr-00224-JFM-1)

Submitted:  July 21, 2009            Decided:  August 14, 2009

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Sapna Mirchandani, Staff
Attorney, Greenbelt, Maryland, for Appellant.   Rod J.
Rosenstein, United States Attorney, Richard C. Kay, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shane Lawrence Luers was convicted in 2000 in the Southern District of Florida of stealing government property, in violation of 18 U.S.C.A. § 641 (West 2000 & Supp. 2009), robbery and conspiracy under the Hobbs Act, in violation of 18 U.S.C. § 1951 (2006), and carrying a firearm during a crime of violence, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2009). His case was transferred to the District of Maryland to serve his period of supervised release. After violating his conditions of release on numerous occasions, Luers was ultimately sentenced to two years of imprisonment.

Luers appeals alleging that his sentence was plainly unreasonable because the district court failed to calculate his applicable advisory Sentencing Guidelines range of 7-13 months, failed to determine whether a sentence within that range would satisfy 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2009), and failed to provide compelling reasons for nearly doubling the high end of the sentencing range. For the reasons that follow, we affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). District courts ultimately have "broad discretion" to revoke a previous sentence and impose

2

a term of imprisonment up to the statutory maximum.  <u>Id.</u> at 439.

The district court did not need to calculate Luers' advisory sentencing range, as it was common knowledge by his fifth supervised release hearing that the range was 7-13 months. Moreover, defense counsel had reiterated that range at the final hearing.  The district court's reasons for not sentencing Luers within his advisory sentencing range, and instead sentencing him to two years of imprisonment, are clear from the record: (1) despite numerous chances, Luers failed to follow his conditions of supervised release (and thus a longer sentence would promote respect for the law); (2) Luers clearly needed help with his addiction to alcohol and his two-year sentence might provide him eligibility for an intensive substance abuse program while in prison; and (3) the public needed protection from a man who refused to stop drinking alcohol and follow other basic supervised release conditions, despite the best efforts of the district judge, the probation officer, and others.

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>